## Hildreth Estate

*M. Paul Smith* and *Ballard, Spahr, Andrews & Ingersoll*, for accountants.

TAXIS, P. J., February 26, 1963.—A question has arisen concerning certain powers conferred upon the executors by paragraph seventh of the will. That paragraph states that the executors and trustees "shall have the following discretionary powers," and there follows a series of 10 subparagraphs. The last of these, subparagraph (j), states that the fiduciaries may ". . . distribute in cash or kind or partly in each at valua-

tions fixed by them." The will also provides for the well-established division of the estate into marital and nonmarital trusts and in paragraph second states as follows:

"The gift to my wife in this Item is intended to give my estate all marital deduction effective under the Internal Revenue Code to reduce Federal estate tax. Any provisions in this Will which conflict with or fail of this intention shall be so reconciled or amplified as to accomplish this objective."

The executors contend that the language of paragraph seventh (j), though broad, is nevertheless to be construed in the light of paragraph second, and with regard to the fundamental axiom that any exercise of discretion must be a reasonable one under all relevant circumstances.

Hansen's Estate, 344 Pa. 12, rules the matter, in the opinion of the court. In that case, trustees for a minor grandchild accepted securities at inventory values in excess of their market value at the time of setting up the trust. In so doing, they took advantage of a similarly broad discretionary power to accept distribution at any "fair and equitable" value. Their motive was to save Federal estate taxes on the entire estate, but the Supreme Court held that, in accepting securities actually worth $125,000 in satisfaction of a legacy of $162,000, the trustees abused their discretion, notwithstanding the good intentions of their actions. It was, in short, unreasonable to impair one interest in the estate to the profit of the others, solely to reduce tax.

The case at hand is stronger than Hansen's Estate, to the extent that paragraph second of the will shows a clear intent to maximize the marital deduction, even at the expense of any other provision. Certainly, any distributions by the executors at artificial values which resulted, at one stroke, in the impair-

ment of the marital trust and the loss of the marital deduction, would be abuses of discretion in the absence of a justification which does not appear here. See Restatement of Trusts, §187. It follows that distribution to the marital trust should be accomplished at current market value at the time of distribution. . . .